PS5-112                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-3463

_____

PATRICIA SMITH, ADMINISTRATRIX OF THE ESTATE OF
MARTHA E. SMITH, DECEASED, AND PATRICIA SMITH;
MARY J. SCOTT,

Appellants

v.

ALBERT EINSTEIN MEDICAL CENTER;
BETH DUFFY; DR. ROBERT WEISBERG; DR. STEVEN LEWIS;
DR. JERRY COHEN; PATRICIA MAISANO, R.N. OF IKOR, INC.;
DR. KEVIN HAILS; DR. ROBERT W. SOLIT;
ATTORNEY PATRICIA Q. IMBESI; ATTORNEY ANNE MAXWELL;
ROBERT STUMP; DR. MICHAEL MILLENSON;
DR. MOSHE CHASKY; DR. ROGER KYLE;
SAINT AGNES CONTINUING CARE CENTER; SUSAN MAZZACANO, R.N.;
RICHARD K. HELLER, R.N.; FOX CHASE CANCER CENTER;
VITAS HEALTHCARE CORPORATION ATLANTIC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civil No. 08-cv-05689)
District Judge:  Honorable William H. Yohn

_____

Submitted Pursuant to Third Circuit LAR 34.1
April 27, 2010

Before:  SMITH, FISHER AND GARTH, <u>Circuit</u> <u>Judges</u>.

(Filed: April 28, 2010)

_____

OPINION
_____

PER CURIAM

Patricia Smith and Mary Scott, proceeding pro se, appeal an order of the United States District Court for the Eastern District of Pennsylvania dismissing their amended complaint. We will affirm the District Court's order.

Smith and Scott filed a complaint against nineteen defendants claiming violations of the Emergency Medical Treatment and Active Labor Act, 42 U.S.C. § 1395dd ("EMTALA"), constitutional violations, medical malpractice, and fraud in connection with the medical care their mother, Martha Smith, received before her death.[1] The District Court granted the defendants' motions to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief could be granted without prejudice to their filing an amended complaint.

Smith and Scott ("Smith's daughters") filed an amended complaint. As recognized by the District Court, the facts supporting their claims are difficult to decipher. Smith's daughters allege that Albert Einstein Medical Center and Drs. Weisberg, Lewis, Cohen,

---

[1]The named defendants are Albert Einstein Medical Center, Beth Duffy, Dr. Robert Weisberg, Dr. Steven Lewis, Dr. Jerry Cohen, Dr. Kevin Hails, Dr. Robert Solit, lawyers Patricia Imbesi and Anne Maxwell, Patricia Maisano, Robert Stump, Fox Chase Cancer Center, Dr. Michael Millenson, Dr. Moshe Chasky, Dr. Roger Kyle, St. Agnes Continuing Care Center, VITAS Healthcare Corporation Atlantic, Susan Mazzacano, and Richard Heller.

2

and Solit failed to properly assess and treat Martha Smith's renal failure and other ailments. They further allege that Albert Einstein Medical Center, through attorney Patricia Imbesi, secured the appointment of a guardian for their mother in December 2006 in the Philadelphia Court of Common Pleas in violation of Martha Smith's and their constitutional rights. Smith's daughters state that they unsuccessfully filed an action in federal court seeking Martha Smith's transfer from Albert Einstein Medical Center.

Smith's daughters further aver that on January 11, 2007, Martha Smith had a biopsy, which was authorized by court-appointed guardian Patricia Maisano, but not Martha Smith. On January 22, 2007, they learned that hemodialysis was not provided to Martha Smith, allegedly causing seizures, unconsciousness, congestive heart failure, a coma, and death. On January 31, 2007, Martha Smith received an oncology evaluation by Fox Chase Cancer Center doctors Michael Millenson and Roger Kyle.

Smith's daughters further state that on February 5, 2007, Albert Einstein Medical Center transferred Martha Smith in a non-responsive state to Saint Agnes Continuing Care Center for hospice care. They aver that Smith's court-appointed attorney, Anne Maxwell, did not have prior knowledge of the transfer. They claim that Saint Agnes Continuing Care Center, Vitas Healthcare Corporation, and nurses Susan Mazzacano and Richard Heller also failed to provide medical treatment. Martha Smith died on February 12, 2007.

The defendants moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motions to dismiss Smith's daughter's constitutional and federal claims, holding that they had not alleged the requisite state action for a claim under 42 U.S.C. § 1983 or the elements of a claim under EMTALA. The District Court declined to exercise supplemental jurisdiction over the state law claims and ruled that any further amendments to the amended complaint appeared futile or inequitable. This appeal followed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of an order granting a motion to dismiss under Rule 12(b)(6) is plenary. Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).

The District Court did not err in dismissing Smith's daughters' constitutional claims, which relate to the legal proceedings in which a guardian was appointed for Martha Smith. Smith's daughters allege that Patricia Imbesi, attorney for Albert Einstein Medical Center, filed a fraudulent petition and that the state court judge appointed an "illegal" guardian without appointing counsel to represent Smith. The District Court correctly presumed that Smith's daughters brought their constitutional claims pursuant to 42 U.S.C. § 1983 and concluded that the facts did not suggest that Imbesi acted under

_____

[2]Albert Einstein Medical Center argues on appeal, as it argued in District Court, that the District Court lacked federal subject matter jurisdiction. We agree with the District Court that it had jurisdiction based on the claimed violations of EMTALA, a federal statute. See 28 U.S.C. § 1331.

4

color of state law.  See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995) (stating there is no liability under § 1983 for those not acting under color of state law).[3]

The District Court also correctly held that Smith's daughters failed to state a claim under EMTALA, which was enacted to address concerns that, for economic reasons, hospitals were refusing to treat certain emergency room patients or transferring them to other places.  Torretti v. Main Line Hosp., Inc., 580 F.3d 168, 173 (3d Cir. 2009). EMTALA requires hospitals to give certain types of medical care to individuals presented for emergency treatment, including appropriate medical screening and stabilization of known emergency medical conditions and labor, and restricts transfer of unstabilized individuals to outside hospital facilities.  Id. at 172.[4]

In Torretti, we explained that, under the applicable regulation, EMTALA's requirements are triggered when an "individual comes to the emergency department" and that an individual only does so if that person is not already a "patient."  Id. at 175 (citing

_____

[3]The District Court also noted that the state court judge was not a named defendant.  If named as a defendant, the judge would be immune from suit under § 1983 for money damages arising from her judicial acts.  Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 768 (3d Cir. 2000).

[4]Hospitals that voluntarily participate in the Medicare or Medicaid programs and have effective provider agreements must comply with EMTALA.  Id. at 173 n.8.  Smith's daughters do not allege that the defendants are "participating hospitals" against which a cause of action may be brought.  See 42 U.S.C. § 1395dd(d)(2)(A).  Like the District Court, we will assume the defendant hospitals must comply with EMTALA.

42 C.F.R. § 489.24(a),(b)). The plaintiff in Torretti was an outpatient and we held that EMTALA was not implicated. Id. at 174-75.

As noted by the District Court, the amended complaint in this case does not allege that Martha Smith presented herself for emergency treatment. To the contrary, it can be inferred from the amended complaint that Martha Smith was a patient at Albert Einstein Medical Center who was transferred to Saint Agnes Continuing Care Center for hospice care. Because Smith was a patient, EMTALA does not apply. See 42 C.F.R. § 489.24(b) (defining "patient" to include inpatients and outpatients); Torretti, 580 F.3d at 174-75.[5]

Having stated no federal claim, the District Court did not abuse its discretion in declining to exercise supplemental jurisdiction over any state law claims. See 28 U.S.C. § 1367(c)(3).

Accordingly, we will affirm the District Court's order.

---

[5]We further stated in Torretti that, in order to state a claim under EMTALA based on a failure to stabilize an emergency medical condition and an improper transfer, EMTALA requires an "emergency medical condition," that the hospital actually knew of the condition, and that the patient was not stabilized before being transferred. Id. at 178. Although Smith's daughters complain that Martha Smith's transfer to Saint Agnes Continuing Care Center violated EMTALA, as recognized by the District Court, they do not aver that Smith had an "emergency medical condition" as defined by statute or that Albert Einstein Medical Center knew of such a condition.